**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **KRISTAL MONCRIEF, Plaintiff,** | § § § § | |
| **V.** | § | **C. A . NO. 6:26-CV-00001JCB-KNM** |
| | § § | **JURY TRIAL DEMANDED** |
| **LARRY SMITH, SMITH COUNTY, TEXAS SHERIFF, Defendant.** | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Kristal Moncrief files this Complaint against Defendant, Larry Smith, Smith County, Texas Sheriff Office ("Defendant" or "Smith") for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA") and Chapter 21 of the Texas Labor Code, and would respectfully show the Court as follows:

## I. INTRODUCTION

1. Plaintiff brings this action to redress unlawful disability discrimination, failure to accommodate, and wrongful termination in violation of the ADA and Chapter 21 of the Texas Labor Code.

2. Plaintiff, a long-time detention officer and jailer employed by Smith County since 2015, suffered multiple on-the-job shoulder injuries beginning July 16, 2024, followed by increasing mental-health trauma resulting from inmate violence and work-related stress.

3. Plaintiff reported her injuries repeatedly, sought medical care, complied with all workers' compensation and employer directives, was placed on medical restrictions, was diagnosed with PTSD, and requested mental-health assistance. Rather than accommodate her disabilities, the Sheriff's Office escalated discipline, forced psychological evaluations, placed her

on administrative leave, and ultimately terminated her on March 5, 2025 because of her disabilities and perceived disabilities.

4. Defendant's conduct violated the ADA's and Chapter 21 of the Texas Labor Code's prohibitions on discrimination, retaliation, and failure to provide reasonable accommodations.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 because Plaintiff asserts claims arising under the ADA. The Court has pendant jurisdiction over Plaintiff's Texas Labor Code Chapter 21 and Chapter 451 claims.

6. Venue is proper in this district under 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in Smith County, Texas, located within the Eastern District of Texas.

**7.** Plaintiff has exhausted administrative remedies. She timely filed a charge with the EEOC/TWC Civil Rights Division alleging disability discrimination and failure to accommodate, and she intends to amend this pleading to add her Notice of Right to Sue upon receipt.

## III. PARTIES

8. Plaintiff Kristal Moncrief is a citizen of Texas and resides in Smith County, Texas.

9. Defendant Larry Smith, Smith County, Texas Sheriff is an elected sheriff in the State of Texas and employer within the meaning of the ADA and Chapter 21 of the Texas Labor Code, employing more than 200 employees. Defendant has appeared.

## IV. STATEMENT OF FACTS

### A. Plaintiff's Employment and Initial Injury

10. Plaintiff began employment with the Smith County Sheriff's Office in 2015 as a jailer.

11. On July 16, 2024, Plaintiff was assaulted by a female inmate in housing block 1243, injuring her right shoulder. Another officer stood and watched without intervening. Plaintiff was sent to the hospital for evaluation. She requested criminal charges be filed, but none were.

12. Plaintiff continued experiencing shoulder pain and repeatedly notified Sgt. Young throughout July, August, and September 2024.

**B. Re-Injuries and Worsening Physical Condition**

13. Plaintiff reinjured her shoulder multiple times during work duties, including on October 13, 2024 and October 30, 2024, while lifting property bags and performing property-room tasks.

14. Plaintiff informed supervisors each time, was directed to the Emergency Room, and subsequently was placed on medical restrictions by the workers' compensation physician.

15. Despite these restrictions, Defendant repeatedly reassigned Plaintiff to physically demanding tasks that worsened her condition.

**C. Emerging PTSD Symptoms and Requests for Mental-Health Assistance**

16. Following the July 2024 inmate attack and continuing physical injuries, Plaintiff began experiencing symptoms consistent with PTSD, including anxiety, emotional distress, and difficulty performing job duties safely.

17. Plaintiff notified Sgt. Young and Lt. Shoemaker of her mental-health symptoms on January 14, 2025, expressly stating she needed help. Rather than assist, Lt. Shoemaker responded: *"If you continue acting this way, you will not have a job by February."*

18. Plaintiff sought treatment with counselor Lonna Stewart on January 21, 2025, who diagnosed her with PTSD. Plaintiff immediately notified her chain of command.

**D. Administrative Leave, Psychological Evaluation, and Termination**

19. On January 21–22, 2025, Plaintiff was placed on paid administrative leave and ordered to undergo a psychological evaluation with Dr. Barry Rath.

20. Plaintiff complied fully, provided detailed history, completed testing, and attempted to obtain the results. Dr. Rath refused to speak with her further and denied her access to her own report.

21. On March 5, 2025, Plaintiff was summoned to a meeting with Sgt. Christian and Lt. Strickland, who stated she was being terminated due to the psychological report and her diagnosis of possible PTSD.

22. Plaintiff was denied access to the psychological report until the appeal hearing on March 18, 2025, despite repeated requests.

23. During the internal appeal, the Sheriff implied that Plaintiff *caused* the inmate assault, questioned her mental competence because she had a medical pain pump following shoulder surgery on March 17, 2025, and upheld the termination.

24. Plaintiff's termination was explicitly tied to her PTSD diagnosis and Defendant's perception that she was mentally and physically unfit for duty due to disability.

## V. CAUSES OF ACTION

**Count One: Disability Discrimination (42 U.S.C. §12112)**

25. Plaintiff is an individual with disabilities under the ADA, as a person:

a. with a physical impairment (right-shoulder injuries requiring restrictions and surgery);
b. with a mental impairment (PTSD diagnosed by a licensed professional); and/or
c. who Defendant regarded as having a physical and/or mental impairment.

26. Plaintiff was qualified for her position and performed her duties successfully for nearly a decade.

27. Defendant intentionally discriminated against Plaintiff by:

a. refusing to accommodate her physical and mental disabilities;
b. placing her on involuntary psychological review;
c. removing her from positions without explanation;
d. escalating discipline after she disclosed PTSD symptoms; and
e. terminating her because of her disabilities or perceived disabilities.

28. Defendant's actions violated **42 U.S.C. §12112(a)**.

**Count Two: Failure to Provide Reasonable Accommodation**

29. Plaintiff notified Defendant of her ongoing shoulder limitations and PTSD diagnosis and requested assistance, leave, and modified duty.

30. Defendant refused to engage in the interactive process, ignored medical restrictions, and required Plaintiff to perform tasks outside her restrictions.

31. Defendant violated **42 U.S.C. §12112(b)(5)**.

**Count Three: Retaliation (42 U.S.C. §12203)**

32. Plaintiff engaged in protected activity by:

a. reporting workplace injuries;
b. requesting accommodations;
c. notifying supervisors of PTSD symptoms; and
d. seeking mental-health treatment.

33. Defendant retaliated by issuing unwarranted discipline, forcing psychological evaluations, placing her on administrative leave, and terminating her.

**Count Four: Violation of Chapter 21 of the Texas Labor Code**

34. Plaintiff alleges that all of the discriminatory actions on the part of Defendant described above which violated the ADA also violate Chapter 21 of the Texas Labor Code.

**Count Five: Workers Compensation Retaliation (Chapter 451 of the Texas Labor Code)**

35. Defendant retaliated against Plaintiff in violation of Chapter 451 of the Texas Labor Code because she reported an on-the-job injury to her employer. Plaintiff would show that Defendant would not have terminated her employment when it did, had Plaintiff not engaged in an activity protected under § 451.001 of the Texas Labor Code.

## VI. DAMAGES

36. As a direct result of Defendant's ADA and Texas Labor Code violations, Plaintiff suffered:

a. back pay and front pay;
b. lost benefits;
c. compensatory damages including emotional distress, mental anguish, humiliation, and loss of enjoyment of life;
d. litigation costs, expert fees, and attorney's fees; and
e. all other damages allowed under the ADA and the Texas Labor Code.

## VII. JURY DEMAND

37. Plaintiff demands trial by jury.

## VIII. PRAYER FOR RELIEF

Plaintiff requests that Defendant be cited and, upon trial, the Court enter judgment in her favor awarding:

1. Back pay and lost benefits;
2. Reinstatement or, alternatively, front pay;
3. Compensatory damages permitted by the ADA;
4. Attorney's fees and litigation expenses;
5. Pre- and post-judgment interest;
6. Costs of court; and
7. All other relief, at law or in equity, to which she is entitled.

Respectfully submitted,

*/s/ William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Telephone/Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record through PACER on this 18th day of February, 2026.

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.